

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Wayne Lefevre
County Auditor
Clay County
Henrietta, Texas

Dear Sir:

Opinion No. O-1223
Re: Can the Commissioners' Court
allow a refund on trial fees
of cases tried in either co-
unty or justice courts where
the law has been changed by
lowering trial fee from $7.00
to $4.00?

Your request for an opinion on the question as herein
stated has been received by this office. The other questions
submitted in your letter of August 3, 1939, will be answered in
separate opinions.

Your letter reads in part as follows:

"Please advise if the Commissioner's Court is
acting within its legal authority to allow a refund
on trial fees of cases tried in either county or
justice courts where the law has been changed by
lowering trial fee from $7.00 to $4.00 (May this
court claim only $4.00 on trial fees covering all
cases since the passage of the law reducing the
trial fee from $7.00 to $4.00)".

We presume that you refer to trial fees in criminal
cases tried either in the county or justice courts after the
amendment of Article 1074, Code of Criminal Procedure, reduc-
ing the trial fee from $7.00 to $4.00 in cases tried in the
justice court.

Article 1074, Code of Criminal Procedure, 1925, reads
as follows:

"In each case of conviction in the county
court or county court at law, whether by a jury
or by the judge, there shall be taxed against the
defendant, or against all defendants where several
are tried jointly, a trial fee of five dollars,
the same to be collected and paid over in the same

Hon. Wayne Lefevre, Page 2

manner as in the case of a jury fee."

Article 1074, Title 15, Chapter 4 of the Code of Criminal Procedure of the State of Texas was amended by the 41st Legislature at its Regular Session and reads as follows:

"In each case of conviction in a county Court, or a County Court at Law, whether by a jury or by a Court, there shall be taxed against the defendant or against all defendants, when several are held jointly, a trial fee of Five Dollars, the same to be collected and paid over in the same manner as in the case of a jury fee, and in the Justice Court the trial fee shall be the sum of Seven Dollars.

"The fact that a justice of the peace cannot legally charge any costs against the defendant, and that a trial fee to be paid to the county will provide a fund from which to pay the judges and the justices, creates an emergency and an imperative public necessity that the constitutional rule requiring bills to be read on three separate days be suspended, and that this act take effect as heretofore from and after its passage and it is so enacted."

The above mentioned act became effective March 19, 1929, and the 41st Legislature, 1st Called Session, further amended Article 1074, Title 15, Chapter 4 of the Code of Criminal Procedure, which reads as follows:

"In each case of conviction in a county Court, or a County Court at Law, whether by a jury or by a Court, there shall be taxed against the defendant or against all defendants, when several are held jointly, a trial fee of Five Dollars, the same to be collected and paid over in the same manner as in the case of the jury fee, and in the Justice Court the trial fee shall be the sum of Four Dollars.
...."

This second amendment became effective ninety days after May 21, 1929, date of adjournment.

Article 1016, Code of Criminal Procedure reads as follows:

"Whenever costs have been erroneously taxed against a defendant, he may have the error cor-

Hon. Wayne Lefevre, Page 3

rected, and the costs properly taxed, upon fil-
ing a written motion for that purpose in the
court in which the case is then or was last pend-
ing. Such motion may be made at any time within
one year after the final disposition of the case
in which the costs were taxed, and not afterward.
Notice of such motion shall be given to each party
to be affected thereby, as in the case of a simi-
lar motion in a civil action."

Article 102 of the Penal Code reads as follows:

"Any county officer or any district attorney
to whom fees or costs are allowed by law who shall
fail to charge up the fees or costs that may be
due under existing laws, or who shall remit any
fee that may be due under the laws, or who shall
fail to make the report required by law, or who
shall pay his deputy, clerk or assistant a less
sum than specified in his sworn statement, or re-
ceive back as a rebate any part of the compensa-
tion allowed such deputy, clerk or assistant,
shall be fined not less than twenty-five nor more
than five hundred dollars. Each act forbidden by
this article is a separate offense."

In the case of Lay vs. State, 202 S. W. 729, it was
held that only such fees as are authorized by statute may be
collected.

In view of the foregoing authorities, you are re-
spectfully advised that it is the opinion of this department
that the Commissioners' Court has no authority to refund trial
fees of cases tried in the Justice courts when the law was in
effect allowing $7.00 trial fee in Justice Courts. However,
after the amendment of Article 1074, Code of Criminal Proce-
dure, by the 41st Legislature, 1st Called Session, if a trial
fee of $7.00 was charged, then the defendant could have the
error corrected and the costs properly taxed upon filing a
written motion for that purpose in the court in which the case
is then or was last pending, provided such motion was made at
any time within one year after the final disposition of the
case in which the costs were taxed and not afterwards.

You are further advised that under Article 1074,
Code of Criminal Procedure, supra, that in each case where

Hon. Wayne Lefevre, Page 4

there is a conviction in a County Court or a County Court at Law there shall be taxed against the defendant or against all defendants, when several are held jointly, a trial fee of Five Dollars, and in the Justice Courts the trial fee shall be Four Dollars upon conviction.

Trusting that the foregoing answers your inquiry, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Ardell Williams*

Ardell Williams
Assistant

AW:jm

APPROVED AUG 26, 1939

*Grace C. Mann*

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY *BWB*
CHAIRMAN